# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 06-50965
Conference Calendar

VALERIE STEELE

Plaintiff-Appellant

v.

TRAVIS COUNTY JAIL; ROBERT A PERKINS, also known as Judge Bob
Perkins; OFFICER B F FRANCIS; FNU MERKA; JOSEPH ZAHN, also known
as Don Zahn; NURSE KIM HUTCHINS; FNU KELLY; TRAVIS COUNTY;
TEXAS DEPARTMENT OF CRIMINAL JUSTICE PAROLE BOARD; FBI
AGENTS; DEA AGENTS; TRAVIS COUNTY CORRECTIONAL COMPLEX

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CV-666

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Valerie Steele, formerly Texas prisoner # 1182994, appeals from the
dismissal of her 42 U.S.C. § 1983 action with prejudice as frivolous pursuant to
28 U.S.C. § 1915(e). Steele has filed numerous motions and an appellate brief
in which she elaborates on her claims. She has also filed evidence that was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

previously filed in the district court. Steele makes no legal argument with respect to the district court's reasons for dismissing her complaint as frivolous, but she asks us to review the new evidence and to conclude based on it that the district court erred in finding her complaint to be barred by the statute of limitations.

A district court may dismiss an in forma pauperis (IFP) complaint as frivolous under § 1915(e) if it lacks an arguable basis in law or fact. Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997). We review a § 1915 dismissal as frivolous for abuse of discretion. Id.

"An appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling." Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir.1999). Failure to identify an error in the district court's analysis is the same as if the appellant had not appealed the judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

As Steele has not shown that the district court's determination that her complaint was frivolous was an abuse of discretion and has failed to identify any error on the part of the district court, her appeal is dismissed as frivolous. See 5TH CIR. R. 42.2. Steele's motions for an evidentiary hearing, augmentation of record on appeal, oral argument, and appointment of counsel are denied. Any other outstanding motions are also denied.

The district court's dismissal of Steele's complaint counts as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). The dismissal of the instant appeal does not count as a strike because Steele is no longer in prison. See § 1915(g). Steele is cautioned that if she accumulates three strikes under § 1915(g), she will not be able to proceed IFP

in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; MOTIONS DENIED; SANCTION WARNING ISSUED.